Matter of Omariana A. (Omar A.) (2025 NY Slip Op 05366)

Matter of Omariana A. (Omar A.)

2025 NY Slip Op 05366

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

646 CAF 23-01567

[*1]IN THE MATTER OF OMARIANA A. - ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT;
and
OMAR A., RESPONDENT-APPELLANT. 

JOSEPH T. JARZEMBEK, BUFFALO, FOR RESPONDENT-APPELLANT.
SAM FADUSKI, BUFFALO, FOR PETITIONER-RESPONDENT.
DAVID C. SCHOPP, THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (RUSSELL E. FOX OF COUNSEL), ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Erie County (Kelly A. Brinkworth, J.), entered September 28, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, revoked a suspended judgment and terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b, respondent father appeals from an order that, inter alia, revoked a suspended judgment and terminated his parental rights with respect to the subject child on the ground of permanent neglect.
We note at the outset that, although the father's notice of appeal refers to an order entered on September 14, 2023 and not the superseding order dated September 28, 2023, we exercise our discretion to deem the notice of appeal as properly taken from the superseding order (see Matter of Iskalo 5000 Main LLC v Town of Amherst Indus. Dev. Agency, 147 AD3d 1414, 1414 [4th Dept 2017], lv denied 29 NY3d 919 [2017]; see generally CPLR 5520 [c]).
Contrary to petitioner's assertion that the appeal should be dismissed on the ground that the record is incomplete, we conclude that the omission of certain exhibits from the record does not inhibit this Court's ability to render an informed decision on the issues raised by the father (cf. Castoria v Bracker, 236 AD3d 732, 733 [2d Dept 2025]; McWhinney v Rockland Cider Works, LLC, 233 AD3d 668, 669 [2d Dept 2024]; Matter of Charlie C. [Thomas C.], 178 AD3d 1450, 1451 [4th Dept 2019]).
We reject the father's contention that Family Court erred in refusing to extend the suspended judgment. We conclude that the father failed to "demonstrate that exceptional circumstances required extension of the suspended judgment" (Matter of Sky F.-M.J. [Angelica J.], 239 AD3d 1343, 1343 [4th Dept 2025] [internal quotation marks omitted]; see generally Family Ct Act § 633 [b]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 428 n 3 [2012]; Matter of Michael B., 80 NY2d 299, 311 [1992]).
We further conclude that there is a sound and substantial basis in the record to support the court's determination that petitioner established by a preponderance of the evidence that the father violated the terms of the suspended judgment and that it is in the child's best interests to revoke the suspended judgment and terminate the father's parental rights (see Matter of Dominic T.M. [Cassie M.], 169 AD3d 1469, 1470 [4th Dept 2019], lv denied 33 NY3d 902 [2019]; [*2]Matter of Aiden T. [Melissa S.], 164 AD3d 1663, 1664 [4th Dept 2018], lv denied 32 NY3d 917 [2019]).
We have reviewed the father's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court